# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALAN YOCOM,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF TULARE, et al.,<br><br>　　　　Defendants. | Case No. 1:17-cv-01643-AWI-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION FOR FAILURE TO COMPLY WITH COURT ORDER<br><br>THIRTY DAY DEADLINE |

Plaintiff Michael Alan Yocom, a pretrial detainee proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed a complaint on December 7, 2017, and an application to proceed in forma pauperis by a prisoner. Plaintiff did not include a certified copy of his trust account statement showing transactions for the past six months as required. On December 11, 2017, Plaintiff was ordered to either submit an application to proceed in <u>forma pauperis</u> which included a certified copy of his trust account statement or pay the filing fee within forty-five days. (ECF No. 3.) Plaintiff has not filed an application which includes a certified copy of his trust account statement or otherwise responded to the December 11, 2017 order.

## II.

## DISCUSSION

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all

1

sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

Plaintiff was ordered to either file an application to proceed in forma pauperis or pay the filing fee within forty-five days of the order filed on December 11, 2017. In the order, Plaintiff was advised that failure to comply with the order would result in the recommendation that this action be dismissed. (ECF No. 3 at 2) More than forty-five days have passed and Plaintiff has not filed the application to proceed in forma pauperis, paid the filing fee in this action, or otherwise responded to the Court's order. Plaintiff has failed to comply with the order requiring him to pay the filing fee or demonstrate that he is eligible to proceed without prepayment of the fee. For this reason, the Court recommends that this action be dismissed.

## III.

## CONCLUSION AND RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice, for Plaintiff's failure to pay the filing fee or submit an application to proceed in forma pauperis in compliance with the Court's order.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30)

days of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 7, 2018**

UNITED STATES MAGISTRATE JUDGE