# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALAN YOCOM, <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF TULARE, et al., <br><br> Defendants. | Case No. 1:17-cv-01643-AWI-SAB <br><br> ORDER DENYING PLAINTIFF'S REQUEST FOR RECUSAL <br><br> (ECF No. 20) |

Plaintiff Michael Alan Yocom, a pretrial detainee proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. On May 23, 2013, Plaintiff filed a request for recusal. (ECF No. 20.) Plaintiff seeks for the undersigned to be recused from this action asserting that the court has spent five months addressing the filing fee when he has requested injunctive relief due to torture, denial of medical care, and life-threatening conditions which were ignored.

Motion for recusal are governed by 28 U.S.C. §§ 144 and 455. In pertinent part, 28 U.S.C. § 144 provides as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

As relevant here, Section 455 provides that a "magistrate judge shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or "[w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. §§ 455(a).

1  The test for personal bias or prejudice under sections 144 and 455 are identical and the same standard is applied to both sections. United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980). "The standard for judging the appearance of partiality requiring recusal under 28 U.S.C. § 455 is an objective one and involves ascertaining 'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.' " United States v. Holland, 519 F.3d 909, 913 (9th Cir. 2008); Preston v. United States, 923 F.2d 731, 734 (9th Cir. 1991) (citations omitted). "The standard "'must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice.' " Holland, 519 F.3d at 913.

Recusal under 28 U.S.C. § 144 is only required where the prejudice or bias of the judge is both personal and extra-judicial. United States v. Carignan, 600 F.2d 762, 763 (9th Cir. 1979). In order for the alleged bias and prejudice to be disqualifying, it must stem from an extrajudicial source other than what the judge learned from his participation in the case. United States v. Grinnell Corp., 384 U.S. 563, 583 (1966). The source of the bias must be extra-judicial because the recusal statutes were "never intended to enable a discontented litigant to oust a judge because of adverse rulings made. . . ." Ex parte Am. Steel Barrel Co., 230 U.S. 35, 44 (1913).

Here, Plaintiff had failed to identify any bias or prejudice which would require recusal in this action. Although Plaintiff contends that his requests for injunctive relief have been ignored, the requests for injunctive relief have been addressed in a findings and recommendations filed on May 11, 2018. Although, based on the allegations in the complaint, this court does not have jurisdiction to remedy the issues raised, the Court has had county counsel investigate due to the seriousness of Plaintiff's allegations. Further, any delay in this action is attributable to Plaintiff's failure to comply with court orders and filing a fraudulent application to proceed without prepayment of fees. The Court finds that Plaintiff has articulated no facts that reasonably question the undersigned's impartiality in this matter.

Section 455 requires a party to show more than an "unsubstantiated suggestion of personal bias or prejudice." Holland, 519 F.3d at 913. Otherwise, a judge could recuse himself "for any reason or no reason at all; we could pick and choose our cases, abandoning those that

we find difficult, distasteful, inconvenient or just plain boring." Id. at 912. In the absence of a legitimate reason to disqualify himself, "a judge should participate in cases assigned." Id. (citations omitted). The Court finds no basis for recusing himself in this action.

Accordingly, Plaintiff's motion for disqualification is HEREBY DENIED.

IT IS SO ORDERED.

Dated: __May 24, 2018__

UNITED STATES MAGISTRATE JUDGE