# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALAN YOCOM,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF TULARE, et al.,<br><br>　　　　Defendants. | Case No. 1:17-cv-01643-AWI-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S MOTIONS FOR INJUNCTIVE RELIEF<br><br>(ECF Nos. 19, 22)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff Michael Alan Yocom, a pretrial detainee proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court are two motions for injunctive relief.

## I.

## PROCEDURAL HISTORY

Plaintiff filed a complaint on December 7, 2017, along with an application to proceed in forma pauperis by a prisoner. On December 11, 2017, an order was filed denying Plaintiff's application to proceed without prepayment of fees without prejudice and directing Plaintiff to file an amended application which included a certified copy of his trust account statement showing transactions for the past six months or pay the filing fee within forty-five days. Plaintiff did not respond to the December 11, 2017 order.

On February 7, 2018, findings and recommendations issued recommending this action be

dismissed for Plaintiff's failure to pay the filing fee or demonstrate that he was entitled to proceed in this action without prepayment of fees. On February 22, 2018, Plaintiff filed objections to the findings and recommendations and the Court vacated the findings and recommendations. Plaintiff was ordered to submit an amended application within thirty days of February 23, 2018.

On March 27, 2018, Plaintiff filed a second application to proceed in forma pauperis which did not comply with the prior order as well as a motion for injunctive relief. On March 29, 2018, an order issued providing Plaintiff with thirty days in which to submit an application to proceed in forma pauperis that complied with the Court's prior order. On April 11, 2018, Plaintiff filed a second motion for injunctive relief. On April 16, 2018, the Court set a hearing to address issues with Plaintiff's application to proceed in forma pauperis in this action.

A hearing on Plaintiff's application to proceed in forma pauperis was held on May 1, 2018. At the Court's request, counsel for defendant filed supplemental briefing on May 8, 2018, addressing Plaintiff's allegations that his life was in danger due to being denied medical care. On May 11, 2018, a findings and recommendations issued recommending this action be dismissed without prejudice as a sanction for Plaintiff filing a fraudulent certification in support of his application to proceed in forma pauperis and that Plaintiff's requests for injunctive relief be denied.

On May 23, 2013, Plaintiff filed a request for recusal, two motions for injunctive relief and a declaration.[1] (ECF Nos. 19, 20, 21, 22.) On this same date, an order issued denying Plaintiff's request for a recusal.

**II.**

**LEGAL STANDARD**

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). In Winter, the Supreme Court held that "[a] court may grant a preliminary injunction only if the plaintiff establishes four elements: (1) likelihood of success on the merits; (2) likelihood of suffering

---

[1] Plaintiff's declaration appears to be an objection to the May 11, 2018 findings and recommendations.

2

irreparable harm absent a preliminary injunction; (3) the balance of equities tips in plaintiff's favor; and (4) injunctive relief is in the public interest." Garcia v. Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015); Leigh v. Salazar, 677 F.3d 892, 896 (2012).

Further, federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

## III.

## DISCUSSION

Plaintiff first seeks emergency release from custody due to the alleged denial of medical care and the failure to the arresting agency to provide testimony regarding probable cause or the testimony of any defendant or potential defendant as to such. (ECF No. 19.)

In issuing the prior findings and recommendations, since the complaint had not yet been screened due to Plaintiff's failure to comply with Court orders, the Court reviewed Plaintiff's complaint in this action. (ECF No. 18 at 9.) On August 28, 2016, five officers from multiple agencies were dispatched to conduct an investigation of an officer involved shooting and criminal investigation of Plaintiff. (Compl. 4, ECF No. 1.) Plaintiff sustained gunshot wounds and after his arrest he was transported to a Fresno hospital for treatment. Plaintiff was released from the hospital on September 7, 2016, into the custody of the Tulare County Sheriff. (Id. at 5.) Generally, Plaintiff's complaint alleges that excessive force was used when he was shot in the head and backside of his body several times by Deputy Reuter. (Id. at 3.) Plaintiff contends that during his preliminary hearing Deputy Reuter perjured himself on the witness stand and did not

3

1 accurately recount what occurred on August 28, 2018; he was detained without a warrant and 2 hospitalized out of the jurisdiction of the Tulare County Sheriff's Department; and is being 3 maliciously prosecuted. (Id.) Plaintiff also alleges that he has been denied medical care, and 4 placed in solitary confinement without due process. (Id. at 5.)

Even if Plaintiff's complaint be found to state a cognizable claim, the relief requested is precluded by section 3626(a)(1)(A). Plaintiff's request to be released from custody is not narrowly drawn to address the constitutional violations nor is it the least intrusive measure to address any of the alleged constitutional violations. Therefore, the Court recommends that Plaintiff's request for injunctive relief seeking release from custody be denied.

Plaintiff's second motion for injunctive relief seeks emergency evaluation and hospitalization. (ECF No. 22.) However, as stated in the previous findings and recommendations, "Plaintiff has not named any defendant in the jail and his complaint is devoid of any factual allegations demonstrating the existence of a link, or causal connection to state a claim based on the denial of medical care. Plaintiff's conclusory allegation that he is being denied medical care fails to state a cognizable claim." (ECF No. 18 at 12:6-9.) Further, Plaintiff is seeking to bring unrelated claims in the same action and even if he were to seek a cognizable claim based on his other allegations, the denial of medical care claim is improperly joined in this action. (Id. at 12.) The Court recommends that Plaintiff's request for emergency evaluation and medical care be denied for the same reasons stated in the May 11, 2018 findings and recommendations. (See ECF No. 18 at 8-18.)

### III.

### CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's motions for injunctive relief, filed May 23, 2018, (ECF Nos. 19, 22), be DENIED.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to this findings and recommendations with the Court. Such a document should be captioned

4

"Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 25, 2018**

UNITED STATES MAGISTRATE JUDGE